IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL KIRK, | No. 2:08-cv-02249-SRT |
| Plaintiff, | ORDER |
| vs. | |
| T. FELKER, et al., | |
| Defendants. | |

Plaintiff, prisoner at High Desert State Prison, has filed a 42 U.S.C. § 1983 claim alleging an Eighth Amendment violation by four personnel at the prison, Warden Felker, Director of Corrections N. Grannis, Dr. David, and Dr. James. This order disposes of outstanding motions.

Plaintiff's Motions

Plaintiff has three outstanding motions: a motion seeking appointment of counsel, a request for reconsideration of this Court's Order of August 21, 2009 dismissing defendant David, and a motion for copies.

On September 17, 2009, plaintiff filed a motion seeking appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain

-1-

1  exceptional circumstances the court may request the voluntary assistance of counsel pursuant to
2  section 1915(e)(1).  *Rand*, 113 F.3d at 1525.
3       Without a reasonable method of securing and compensating counsel, the court will seek
4  volunteer counsel only in the most serious and exceptional cases.  In determining whether
5  "exceptional circumstances exist, the district court must evaluate both the likelihood of success
6  of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the
7  complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).
8       In the present case, the court does not find the required exceptional circumstances.  At
9  this early stage in the proceedings, Kirk has not provided sufficient evidence or legal argument to
10 convince the court that he is likely to succeed on the merits.  As discussed below, Kirk fails to
11 state a claim upon which relief can be granted against two of the three remaining defendants.
12 Further, Based on a review of the record in this case, the court does not find that plaintiff cannot
13 adequately articulate his claims.  *Id.*
14      For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY
15 DENIED, without prejudice.
16      On August 21, 2009 this Court found that in light of the information provided by the
17 United States Marshals Service that Defendant David is no longer employed at the facility that
18 houses Kirk and has moved to Iraq.  Plaintiff's September 17, 2009 motion for reconsideration
19 argues Dr. James and Dr. David are mostly to blame for his pain and suffering, and should be
20 held accountable regardless of location. Since Defendant David is no longer employed at the
21 facility, and no longer amenable to service by the Marshal due to Defendant's residence in Iraq,
22 this court does not have jurisdiction over Defendant David.
23      For the foregoing reasons, Plaintiff's motion for reconsideration of the August 21, 2009
24 Order is DENIED, without prejudice.
25      On September 17, 2009, Plaintiff filed a motion requesting a conformed copy of the
26 enclosed file because of his lack of access to a copy machine. The motion is GRANTED, and the
27 clerk ordered to send a conformed copy of the file to Plaintiff.
28

Defendant Felker's Motion for Judgment on the Pleadings

On September 1, 2009, Defendant Felker filed a notice of motion and motion for judgment on the pleadings pursuant to F.R.C.P. 12(c), on the grounds that there is no respondeat superior liability under 42 U.S.C. § 1983.

Plaintiff alleges liability against defendant Felker as warden. Plaintiff appears to be alleging supervisory liability. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). A supervisor may be liable under § 1983 upon a showing of personal involvement in the constitutional deprivation or a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). To state a claim for relief under § 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.' " *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Plaintiff fails to allege any facts that indicate defendant Felker personally participated in the alleged deprivation of a constitutional right, knew of the violations and failed to act to prevent them, or implemented a policy so deficient that the policy repudiates constitutional rights and is the moving force of the violation.

For foregoing reasons, the claims against Defendant Felker are DISMISSED WITH LEAVE TO AMEND. If plaintiff can in good faith allege facts to cure the pleading deficiency he may add this information to his amended complaint.

Defendant Grannis's Motion to Dismiss for Failure to State a Claim

On September 26, 2009, Defendant Grannis filed a notice of motion and motion to dismiss pursuant to F.R.C.P. 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff filed an opposition, and Grannis filed a reply.

Plaintiff complains of defendant Grannis for his actions in the inmate appeals process, alleging Grannis denied his appeal without any investigation. The existence of an administrative remedy process does not create any substantive rights and cannot support a claim for relief for violation of a constitutional right. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure."); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Plaintiff has no due process claim under § 1983 for defendants' actions solely in the inmate appeals process.

For foregoing reasons, the claims against Defendant Grannis are DISMISSED WITH LEAVE TO AMEND. If plaintiff can in good faith allege facts to cure the pleading deficiency he may add this information to his amended complaint.

DATED: May 17, 2010

                                            /s/ Sidney R. Thomas
                                            Sidney R. Thomas, United States Circuit Judge
                                            Sitting By Designation