1
2
3
4
5
6
7
8            IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10  JOHN MICHAEL KIRK

11          Plaintiff,                    No. 2:08-cv-02249-SRT

12      vs.

13  T. FELKER, et al.,

14          Defendants.              <u>ORDER</u>

15  _____/

16          Plaintiff, prisoner at High Desert State Prison proceeding in forma pauperis, filed

17  his complaint pursuant to 42 U.S.C. § 1983 alleging an Eighth Amendment violation by

18  defendants Warden Felker, Chief of Inmate Appeals Grannis, Doctor David, and Doctor James.[1]

19  Defendant David was dismissed for lack of jurisdiction.  On May 18, 2010, the Court dismissed

20  plaintiff's claims against Felker and Grannis and granted plaintiff leave to amend to cure the

21  pleading deficiencies as to Felker and Grannis.  The Court did not grant plaintiff general leave to

22  amend his complaint.  On June 14, 2010, defendant James answered plaintiff's complaint.  The

23  Court then ordered that discovery be completed by November 15, 2010 and all pretrial motions

24  _____

25          [1] In the complaint, plaintiff sued defendants Warden Felker and Chief of Inmate Grannis
    in their official capacities.  The Clerk of the Court will be directed to update the caption in this
26  case to reflect that the Warden of High Desert State Prison is now Mike McDonald.

1  be filed on or before January 18, 2011.  On January 18, 2011, defendant James filed a motion for

2  summary judgment, pursuant to Federal Rule of Civil Procedure 56.  Plaintiff did not respond to

3  the motion.  On February 25, 2011, James filed a declaration of counsel in lieu of reply to

4  opposition.

5  <u>Plaintiff's Motion to Proceed In Forma Pauperis</u>

6           The Court need not address plaintiff's December 13, 2010 motion to proceed in

7  forma pauperis, because the Court granted plaintiff leave to proceed in forma pauperis in an

8  order filed April 10, 2009.

9  <u>Plaintiff's December 13, 2010 "Complaint"</u>

10          On December 13, 2010, plaintiff filed another "complaint," naming defendant

11  Warden McDonald in place of Felker, defendant Chief of Inmate of Appeals Walker in place of

12  Grannis, as well as new defendants Story, Miranda, Langford, Nepomuceno, and Swingle.  The

13  complaint form does not contain a statement of plaintiff's claim or requested relief, but refers to

14  attached exhibits of plaintiff's habeas filings in state superior court, which appear to concern

15  events arising out of plaintiff's inmate appeals in 2009 and 2010.

16          The Court is required to screen complaints brought by prisoners seeking relief

17  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §

18  1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised

19  claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may

20  be granted," or that "seek[] monetary relief against a defendant who is immune from such relief."

21  28 U.S.C § 1915(e)(2)(B).

22          Plaintiff's December 13, 2010 "complaint" fails to adequately amend his original

23  complaint as to Felker and Grannis.  In the Court's May 18, 2010 order dismissing plaintiff's

24  claims against Felker and Grannis, the Court identified the following pleading deficiencies in

25  Plaintiff's original complaint: (1) Plaintiff failed to allege any facts indicating defendant Felker's

26  liability as a supervisor, and (2) plaintiff has no due process claim under § 1983 for defendant

Grannis' actions solely in the inmate appeals process.  Plaintiff's December 13, 2010 filing does not cure either deficiency–it contains no new factual allegations concerning Felker or Grannis (indeed, it does not even name Felker or Grannis, but instead refers to attached habeas filings concerning the conduct of other individuals).

Nor did plaintiff seek permission to amend his original complaint beyond curing the pleading deficiencies as to Felker and Grannis.  The Court's May 18, 2010 order did not grant Plaintiff general leave to amend the complaint.  At the time of his December 13, 2010 filing, therefore, plaintiff was no longer permitted to amend his complaint "as a matter of course."  Fed. R. Civ. Proc. 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.").  Instead, plaintiff was required to seek "the opposing party's written consent or the court's leave" to amend his complaint.  Fed. R. Civ. Proc. 15(a)(2).  He did neither.[2]  Accordingly, IT IS HEREBY ORDERED that plaintiff's December 13, 2010 "complaint" will be stricken.

In addition, because plaintiff's December 13, 2010 filing does not cure pleading deficiencies as to claims against Felker and Grannis and was unaccompanied by a motion for leave to amend the original complaint, IT IS HEREBY ORDERED that, within 21 days of the date of this order, plaintiff will show cause why his claims against Felker and Grannis should not be dismissed.  Failure to comply with this order will result in dismissal of plaintiff's claims against defendants Felker and Grannis, pursuant Federal Rule of Civil Procedure 41(b).

---

[2] The Court notes that on December 22, 2010, Felker and Grannis filed an opposition to plaintiff's December 13, 2010 "complaint", seeking dismissal on grounds that (1) plaintiff was only given leave to amend as to his claims against Felker and Grannis and has failed to allege any facts to cure his pleading deficiencies, and (2) filing an amended complaint seven months after being given leave to amend demonstrates a lack of prosecution and diligence by plaintiff, under Federal Rule of Procedure 41(b).  Plaintiff has not responded to the opposition.

Defendant James's Motion for Summary Judgment

As noted above, plaintiff has not opposed James's January 18, 2010 motion for summary judgment.

Local Rule 230(l) provides in part: "Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."  In the Court's order filed April 12, 2010, plaintiff was advised of the requirements for filing an opposition to a motion and that failure to oppose such a motion may be deemed a waiver of opposition to the motion.[3]

Local Rule 110 provides that failure to comply with the Local Rules "or with any

_____

[3] The Court's order stated, *inter alia*, that: (1) "Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 11-110 shall be briefed pursuant to Local Rule 78-230(m). Failure to oppose such a motion timely may be deemed a waiver of opposition to the motion. Opposition to all other motions need be filed only as directed by the court." (¶ 7); and (2) "Pursuant to *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), plaintiff is advised of the following requirements for opposing a motion for summary judgment made by defendants pursuant to Rule 56 of the Federal Rules of Civil Procedure. Such a motion is a request for an order for judgment in favor of defendants without trial. A defendant's motion for summary judgment will set forth the facts that the defendants contend are not reasonably subject to dispute and that entitle the defendants to judgment. To oppose a motion for summary judgment, plaintiff must show proof of his or her claims. Plaintiff may do this in one or more of the following ways. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated. Plaintiff may rely upon written records, but plaintiff must prove that the records are what plaintiff claims they are. Plaintiff may rely upon all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. If plaintiff fails to contradict the defendants' evidence with counteraffidavits or other admissible evidence, the defendants' evidence may be taken as the truth and the defendants' motion for summary judgment granted. If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone considering the defendants' motion. If plaintiff does not serve and file a written opposition to the motion or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendants' motion. If the defendants' motion for summary judgment, whether opposed or unopposed, is granted, judgment will be entered for the defendants without a trial and the case will be closed." (¶ 10).

1  order of the Court may be grounds for imposition by the Court of any and all sanctions

2  authorized by statute or Rule or within the inherent power of the Court."  In the Court's April 12,

3  2010 order, plaintiff was also advised that failure to comply with the Local Rules may result in a

4  recommendation that the action be dismissed.

5          Finally, Rule 41(b) of the Federal Rules of Civil Procedure provides:

6          **Involuntary Dismissal; Effect**.  If the plaintiff fails to prosecute
           or to comply with these rules or a court order, a defendant may
7          move to dismiss the action or any claim against it.  Unless the
           dismissal order states otherwise, a dismissal under this subdivision
8          (b) and any dismissal not under this rule--except one for lack of
           jurisdiction, improper venue, or failure to join a party under Rule
9          19--operates as an adjudication on the merits.

10  *Id.*

11          Good cause appearing, IT IS HEREBY ORDERED that, within 21 days of the

12  date of this order, plaintiff shall file an opposition, if any he has, to the motion for summary

13  judgment or a statement of non-opposition.  Failure to comply with this order will result in

14  dismissal of plaintiff's claims against defendant James, pursuant Federal Rule of Civil Procedure

15  41(b).

16  DATED: June 17, 2011

17

18                          _____/s/ Sidney R. Thomas_____
                            Sidney R. Thomas, United States Circuit Judge
19                          Sitting by Designation

20

21

22

23

24

25

26